```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
SUZETTE ROBINSON, et al.,

        Plaintiffs,                    HONORABLE JOSEPH E. IRENAS

    v.                                 CIVIL ACTION NO. 10-1916
                                              (JEI/JS)
RHEON AUTOMATIC MACHINERY,
CO., LTD, et al.,                            OPINION

        Defendants;

RHEON AUTOMATIC MACHINERY,
CO., LTD, et al.

    Third Party Plaintiffs,

    v.

LABREA BAKERY, INC.,

    Third Party Defendant.
```

**APPEARANCES:**

RAYNES MCCARTY
By: Daniel Bencivenga, Esq.
116 White Horse Pike
Haddon Heights, New Jersey 08035
        Counsel for Plaintiffs

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
By: Walter H. Swayze, III, Esq.
    David A. Yavil, Esq.
15 Exchange Place, Suite 1020
Jersey City, New Jersey 07302
        Counsel for Defendants/Third Party Plaintiffs

FISHER & PHILLIPS LLP
By: Alan Lesnewich, Esq.
430 Mountain Avenue
Murray Hill, New Jersey 07974
        Counsel for Third Party Defendant

1

**IRENAS,** Senior District Judge:

Plaintiffs Suzette Robinson and her husband, Grover McIntyre, (collectively "Plaintiffs") initiated this action against Rheon Automatic Machinery Co., LTD, and Rheon USA (collectively "Rheon") after Robinson was injured while cleaning machinery in the course of her employment.  Rheon filed a Third Party Complaint against Robinson's employer, LaBrea Bakery ("LaBrea").  Pending before the Court is LaBrea's Motion to Dismiss the Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I.

Robinson was employed by LaBrea as a laborer at its commercial facility in Swedesboro, New Jersey.  (Compl. ¶¶ 1-3.)  On May 3, 2009, Robinson was cleaning raw dough off a forming conveyor machine ("FC") designed and manufactured by Rheon.  (Id. ¶¶ 9, 19.)  While cleaning the FC, her right forearm was pulled into the unguarded nip point between the conveyor belt and the metal roller.  (Id. ¶ 20.)  Robinson's arm remained lodged in the FC for approximately 45 minutes until her coworkers disassembled the machine to free her.  (Id. ¶ 22.)  Robinson suffered serious and permanent injuries to her right arm and wrist.  (Id. ¶ 25.)

On April 15, 2010, Plaintiffs initiated the instant action against Rheon, asserting claims for negligence, strict liability, breach of warranties and loss of consortium.

On November 3, 2010, Magistrate Judge Schneider granted leave for Rheon to file a Third Party Complaint against LaBrea. On November 10, 2010, Rheon filed its Third Party Complaint, seeking indemnity or contribution from LaBrea.  The Third Party Complaint alleges that LaBrea failed to instruct and train Robinson on the functions and parts of the FC, proper use of the lock out and tag procedures, and proper cleaning techniques. (Third Party Compl. ¶¶ 17, 19, 21.)  According to Rheon, LaBrea acted or failed to act with deliberate intent and substantial certainty that severe injury would occur.  (Id. ¶¶ 8-9.) Furthermore, Rheon alleges that requiring Robinson to work on the FC without proper training is inconsistent with the reasonable demands of industrial employment.  (Id. ¶ 23.)

On January 3, 2011, LaBrea filed a Motion to Dismiss the Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

**II.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P.

---

[1]  Plaintiffs do not oppose LaBrea's Motion to Dismiss.

8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

Rheon's Third Party Complaint seeks contractual or common law indemnity or contribution to the extent that Rheon is found liable for Robinson's injuries. LaBrea moves to dismiss each of these claims.

### A.

LaBrea argues that Rheon fails to state a claim for contractual indemnification because it does not allege the existence of a contract. (Br. in Support at 7.)

An employer may contractually assume the duty to indemnify a third party through an unambiguous and express agreement. *See Ramos v. Browning Ferris Indus. of South Jersey, Inc.*, 103 N.J. 177, 191 (1986). Here, however, Rheon has not alleged the existence of a contract. Therefore, Rheon cannot maintain a claim for contractual indemnification. *See C & K Petrol. Products, Inc. v. Equibank*, 839 F.2d 188, 193 (3d Cir. 1988); *Cotter v. Newark Housing Auth.*, 2010 WL 1049930, at *4 (D.N.J. March 17, 2010).

Accordingly, LaBrea's Motion to Dismiss Rheon's claim for contractual indemnity will be granted.

### B.

LaBrea next argues that Rheon fails to state a claim for common law indemnification because the vendor-vendee relationship between LaBrea and Rheon will not support a common law implied

indemnity claim.[2]  (Br. in Support at 8.)

Although the Workers' Compensation Act ("WCA") bars a third party from seeking contribution from an employer, a third party may obtain indemnification from an employer under the theory of implied indemnification.  *Ramos*, 103 N.J. at 188.  A third party may recover under this doctrine if (1) a special legal relationship exists between the employer and the third party, and (2) the third party's liability is vicarious.  *Id.* at 188-89.

A special legal relationship exists between the employer and third party if they are principal and agent, bailor and bailee, lessor and lessee, or union and union member.  *Id.* at 189.  In *Ramos*, the New Jersey Supreme Court explained that "the relationship between vendor and vendee will not support a claim for implied indemnification by a third party vendor against an employer-vendee."  *Id.*  Implying indemnification on the basis of a purchase and in the absence of any independent duty, "would subvert the legislative intent to restrict the employer's liability to the Workers' Compensation Act."  *Id.*

As LaBrea points out, Rheon supplied it with an FC, making the relationship in this case one of vendor-vendee.  It is clear that the narrow doctrine of implied indemnification does not apply where the relationship is vendor-vendee.  *See Mayorga v.*

---

[2] Rheon does not defend its common law indemnification claim in its Opposition Brief.

*Russo Family Ltd. Partnership*, 2010 WL 2471419, at *3 (N.J. Super. App. Div. June 21, 2010).

Because Rheon is not entitled to implied indemnification from LaBrea, this Court will grant LaBrea's Motion to Dismiss Rheon's common law implied indemnification claim.

### C.

Rheon also seeks contribution from LaBrea to the extent that it is found liable for Robinson's injuries. In support of its contribution claim, Rheon argues that its allegations regarding LaBrea's failure to train are sufficient to surmount the immunity from suit afforded to employers under the WCA. LaBrea moves to dismiss the claim arguing that it is an employer shielded from suits for contribution by third party tortfeasors like Rheon by both the exclusive-remedy provision of the WCA and the categorical language of the New Jersey Supreme Court.

The WCA provides:

> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

N.J.S.A. § 34:15-8. The WCA "provides the exclusive remedy for claims against an employer when a worker is injured on the job, except for those injuries that have resulted from the employer's 'intentional wrong.'" *Mull v. Zeta Consumer Prods.*, 176 N.J.

385, 387 (2003).

Under the intentional wrong exception articulated by the New Jersey Supreme Court, a worker may avoid the exclusive-remedy provision of the WCA and "pursue a common-law remedy in the Law Division" against her employer by establishing that:

> (1) the employer must know that his actions are substantially certain to result in injury or death to the employee, and (2) the resulting injury and the circumstances of its infliction on the worker must be (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the Workers' Compensation Act to immunize.

*Laidlow v. Hariton Machinery Co.*, 170 N.J. 602, 617 (2002).

The first prong is known as the conduct prong, and in considering whether this prong is met, post-*Laidlaw* cases have looked to evidence concerning: disabling of safety devices, *Mull*, 176 N.J. 385; prior accidents or near-misses, *Suarez v. Lee Indus.*, 2007 WL 2141505 (App. Div. July 27, 2007); and OSHA citations and misrepresentations, *Crippen v. Central Jersey Concrete Pipe Co.*, 176 N.J. 397 (2003); *see also Fermaintt v. McWane, Inc.*, 694 F.Supp. 2d. 339, 347-50 (D.N.J. 2010).

The second prong evaluates the context in which the conduct takes place. The Court must determine whether "the resulting injury or disease, and the circumstances in which it is inflicted on the worker fairly may be viewed as a fact of life of industrial employment, or is it rather plainly beyond anything

8

the legislature could have contemplated as entitling the employee to recover only under the Compensation Act." *Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 179 (1985).

Rheon seeks to use the intentional wrong exception as a basis for asserting a contribution claim against LaBrea. However, the allegations in the Third Party Complaint are insufficient to defeat the employer's immunity from suit under the WCA. Rheon alleges merely a failure to instruct and train Robinson on the function and use of the FC. Such a failure to train without more does not evidence the employer's substantial certainty that injury or death would result, and, rather than being plainly beyond the type of conduct the WCA immunizes, is precisely the kind of negligent conduct the legislature intended for the WCA to cover.

As part of the "historic 'trade-off'" that is the Workers' Compensation system, employers are relieved of the burden and expense of litigation. *Laidlow*, 170 N.J. at 605. Allowing an employer to be dragged into litigation on the basis of vague allegations of a failure to train would undermine the WCA and negate the benefit of the bargain for the employer.

Accordingly, LaBrea's Motion to Dismiss the contribution claim will be granted.

**IV.**

For the reasons stated above, LaBrea's Motion to Dismiss the Third Party Complaint will be granted.  An appropriate order accompanies this Opinion.


Dated: March   3  , 2011


                                        s/Joseph E. Irenas
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**